

# NUMBER 13-23-00355-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HUMBERTO ROSALES CRUZ,                                Appellant,

**v.**

THE STATE OF TEXAS,                                       Appellee.

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

On August 7, 2023, appellant attempted to perfect an appeal from a conviction of attempt to commit murder entered in trial court cause number CR-2827-14-H. We dismiss the appeal for want of jurisdiction.

A Sentence in this matter was imposed by jury on December 1, 2014. On August 8, 2023, the Clerk of the Court notified appellant that it appeared the appeal was not

timely perfected. Appellant was advised the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the notice. Appellant has failed to file a response or otherwise correct the defect.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Therefore, this appeal is dismissed for want of jurisdiction.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of October, 2023.

2